**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CRYSTAL Y. FOWLKES                                                         PLAINTIFF

vs.                            **Case No. 4:08-CV-4161 BSM**

CRYE-LEIKE, INC.;
CRYE-LEIKE OF ARKANSAS, INC.                                           DEFENDANTS

<u>**ORDER**</u>

     Defendants, Crye-Leike, Inc. and Crye-Leike of Arkansas, Inc., move for summary judgment (Doc. No. 52) and plaintiff Crystal Y. Fowlkes objects (Doc. No. 63).  For the reasons set forth below, summary judgment is granted and Fowlkes's claims are dismissed.

I. FACTUAL BACKGROUND

     Fowlkes was hired as an administrative assistant by Banker's Asset Management ("BAM"), a division of Crye-Leike of Arkansas, Inc., on May 29, 2007.  Deposition of Crystal Y. Fowlkes, p. 102, ("Fowlkes's Deposition") attached at Exhibit 2 to defendants' statement of material facts in support of defendants' motion for summary judgment ("Defts' stmt. of facts").  On March 17, 2008, Fowlkes sent an e-mail to Sydney Ingram, Crye-Leike's Human Resources Manager, to inform her that she planned to take maternity leave in April and to ask about the company's maternity leave rules.  Attached as Exhibit 26 to Fowlkes's Deposition.  Ingram told Fowlkes that she was entitled to a medical leave since she had worked at least ninety days for the company, but that she was not eligible for leave under the Family Medical Leave Act.  *Id.*  Ingram also stated that Fowlkes's supervisor could approve further time away from work.  *Id.*

On April 15, 2008, Fowlkes began a month of medical leave and signed a personnel action form listing May 15, 2008 as her return date.  Attached as Exhibit 27 to Fowlkes's Deposition. Before leaving, Fowlkes sent an email to Shawnda Majors, her supervisor, declaring that she was "not planning on clearing off my desk b/c (sic) I am not quiting (sic) . . . I am just taking my medical leave."  Attached as Exhibit 6 to deposition of Ann Ball, Plaintiff's brief in support of response to defendants' motion ("Pltf.'s resp.").

Defendants' medical leave policy states that when a medical leave period ends, "the employee will be reinstated to the same position, if it is available, or to an equivalent position for which the employee is qualified."  Attached at Exhibit 11 to Fowlkes's Deposition, p. 12. At the end of the leave period, however, "the employee should be aware that the company would no longer hold the position available . . . If an employee fails to return to work on the agreed upon return date, Crye-Leike will assume that the employee has resigned."  *Id*. Fowlkes signed an "Employee Handbook Acknowledgment" certifying that she understood that she needed to read and comply with the policies in the handbook.  Attached at Exhibit 10 to Fowlkes's Deposition.  She also testified in her deposition that she agreed that she was to return to work at the end of her leave on May 15, 2008.  Fowlkes's Dep.; Defts' stmt of facts, p. 143.

Fowlkes delivered her baby on April 30, 2008. *Id*. at 144.  She did not report to work when her leave expired on May 15, 2008. *Id*. at 103.  That day, her supervisor, Shawnda Majors, called Fowlkes and asked her if she was coming back to work. *Id*. at 144.  Fowlkes

2

replied, "[n]o, I'm still under doctor's care.  When I'm released from the doctor, then I'll decide if I'm coming back."  *Id*.  When Majors reminded Fowlkes that she was supposed to be back to work that day, Fowlkes told her "[n]o, I'm still under doctor's care.  When I'm released from the doctor, then I'll decide if I'm coming back . . . I just had my baby two weeks ago.  My doctor's not going to release me."  *Id*. at 144.

At the request of Ann Ball, BAM's president and CEO, Majors sent a letter to Fowlkes explaining that: "[w]e are unable to hold your position open past May 15, 2008, which is the date we had all agreed you would return to work.  Please feel free to call me with any questions."  Affidavit of Ann Ball, ¶ 4, attached as Exhibit 1 to Defts' stmt of facts; Letter attached at Exhibit 31 to Fowlkes's Deposition.  After receiving Ball's letter, Fowlkes never called Ball nor asked for additional leave time.  Fowlkes's Dep., p. 143; Defts' stmt of facts.

Fowlkes filed suit on November 18, 2008 and she filed her amended complaint on December 17, 2009 (Doc. No. 19), alleging that defendants violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Arkansas Civil Rights Act ("ACRA") by terminating her on the basis of her race and gender.  She seeks punitive damages.

Defendants now move for summary judgment on Fowlkes's Title VII, § 1981, and ACRA claims, asserting that Fowlkes quit her job and did not suffer an adverse employment action.

3

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8 th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8 th Cir. 2008)).

The moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985)). Plaintiff as the non-movant "must demonstrate a genuine issue of

material fact, that is a dispute that might affect the outcome of the suit under the governing law, so that a reasonable jury could return a verdict for the nonmoving party." *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006) (internal citation and quotation marks omitted).

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008). The plain language of Rule 56, however, mandates the entry of summary judgment against a non-moving party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## III. DISCUSSION

Summary judgment is granted for the defendants on each of Fowlkes's claims because Fowlkes fails to establish a *prima facia* case. Because Fowlkes offers indirect evidence in support of her discrimination claims, the *McDonnell Douglas* three-step burden-shifting analysis is applied to her claims. *See McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973); *Clegg v. Arkansas Dept. Of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007) (quoting *Maxfield v. Cintas Corp. No. 2*, 427 F.3d 544, 550 (8th Cir. 2005)). Her Title VII, § 1981, and ACRA claims are analyzed under this same framework. *Maxfield*, 427 F.3d at 550. The

*McDonnell Douglas* test requires Fowlkes to establish a *prima facia* case of discrimination. *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008).  To meet that burden, Fowlkes has to show that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently.  *Id.*

Fowlkes has clearly failed to show that she suffered an adverse employment action because it is clear that she quit her job.  She understood the medical leave policy before she took her leave and she understood the consequences of her choice not to return to work when her leave ended.  It is undisputed that she did not come to work on May 15, 2008, and that she confirmed her decision in a phone call with her supervisor.  For whatever reason, Fowlkes chose not to reclaim her job under the company's medical leave policy.  Indeed, she admits that she did not request additional leave time, which her supervisor could have granted to her under the policy.

Also, Fowlkes's attempt to show that a white male employee received better treatment is misguided.  Fowlkes points out that Michael Orndorff, a white male, received leave without pay.  Exhibit D, Ball deposition; Pltf.'s stmt. of facts, 53-54.  Other than this statement, the record is devoid of anything indicating that this is true.  Moreover, Fowlkes admits she never requested unpaid leave beyond the medical leave period granted to her and that she was never denied any leave that she did request.  Therefore, even if Fowlkes's statement that Orndorff received unpaid leave is true, it is irrelevant because she also

received unpaid leave and was never denied any unpaid leave that she requested.

In that Fowlkes fails to establish a *prima facie* case of discrimination, there is no need to address the remaining *McDonnell Douglas* analysis.

## IV. CONCLUSION

Defendants' motion for summary judgment (Docket No. 21) is granted and Fowlkes's Title VII, 42 U.S.C. § 1981, and Arkansas Civil Rights Act claims are dismissed with prejudice.

IT IS SO ORDERED this 16th day of March, 2010.

UNITED STATES DISTRICT JUDGE